**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark E. DIMOND, aka, Mark E. Diamond, Defendant-Appellant.**

**No. 71–1066.**

United States Court of Appeals,
Ninth Circuit.

July 8, 1971.

---

1. The board acts as the delegate of the Attorney General for purposes of this section.

---

James D. Walsh, Sacramento, Cal., Mark E. Dimond, San Pedro, Cal., for defendant-appellant.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before MERRILL, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Appellant appeals from his conviction for uttering a forged United States Treasury check in violation of 18 U.S.C. § 495.

The following facts were undisputed. A United States Treasury check payable to Edwin Sieffert was delivered to appellant's residence. Appellant's wife forged Sieffert's endorsement on the check with a designation that the check was to be paid to appellant's order. Appellant endorsed his own signature on the check and cashed it.

 Appellant contends that the evidence was insufficient to establish that he intended to defraud the United States when he uttered and published the check. At most, he says, the evidence proved that he may have intended to defraud Sieffert. There was evidence that appellant knew that his wife had forged Sieffert's endorsement before he negotiated the check and that he also knew that neither his wife nor he had any authority to endorse or to negotiate it. In establishing appellant's "in-

tent to defraud the United States," the Government was not obliged to prove that appellant intended to cause monetary loss to the Government. It was enough, under 18 U.S.C. § 495, that the Government prove that appellant intended to interfere with a governmental function, such as paying its employees. (Leonard v. United States (9th Cir. 1963) 324 F.2d 911; Pina v. United States (9th Cir. 1948) 165 F.2d 890. The evidence amply supported the implied finding that appellant harbored the requisite intent.

Appellant also attacks the intent element by arguing that the facts showed a misrepresented agency akin to that in Gilbert v. United States (1962) 370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750. There was no indication that appellant purported to act as anyone's agent; *Gilbert*, accordingly, is not in point.

We have examined appellant's remaining arguments. None of them has sufficient merit to warrant discussion.

The judgment is affirmed.